UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

| | |
|---|---|
| DUNCAN J. McNEIL, III, | ) |
| Plaintiff, | ) Case No. 1:05-cv-458 |
| v. | ) Honorable Richard Alan Enslen |
| UNITED STATES OF AMERICA, *et al.*, | ) |
| Defendants. | ) |

**OPINION DENYING LEAVE
TO PROCEED *IN FORMA PAUPERIS* - THREE STRIKES**

Plaintiff Duncan J. McNeil, III presently is incarcerated in the Spokane, Washington County Jail. He purports to bring this action pursuant to 28 U.S.C. §§ 1361, 1655, 1738 and 2201. Plaintiff sues the United States, the United States District Court for the Western District of Michigan, the United States Bankruptcy Court for the Western District of Michigan, the United States Attorney for the Western District of Michigan, the United States Office of the Trustee for the Western District of Michigan, the local office of the United States Marshal Service in the Western District of Michigan, the local office of the Federal Bureau of Investigation in the Western District of Michigan, the local office of the Internal Revenue Service in the Western District of Michigan, and the local office of the United States Secret Service in the Western District of Michigan.

Plaintiff's action is rambling and difficult to decipher. At various points in the complaint, he complains of a wide range of issues bearing little relationship to one another. He complains that he has been unlawfully arrested, charged and convicted in Spokane, Washington for unstated offenses. He alleges that he is unlawfully being subjected to denials of his constitutional

rights while incarcerated.  He also contends that his criminal history has been falsified and that he is being retaliated against for unspecified reasons.  Further, he seeks a writ of mandamus to enforce a stipulated judgment issued by the Eastern District of Washington awarding him in excess of $300,000.  These claims are limited to general and sweeping conclusory allegations with no recitation of specific facts.  Plaintiff also repeatedly declares that Defendants have broad constitutional and statutory responsibilities to perform their duties and to "enforce the discharge and discharge injunction established by the 'foreign judgments' and the 'attached execution' . . . ."

Plaintiff has been deemed a "vexatious litigant" by the United States District Court for the Eastern District of Washington.  That court imposed filing restrictions upon Plaintiff in an attempt to curb his abusive litigation practices.  In an Order of Dismissal dated August 9, 2005, the Eastern District of Washington indicated that Plaintiff has now filed complaints in up to 70 different federal district courts throughout the nation.  *See McNeil v. United States et al.*, CV-05-211-AAM, (E.D. Wash.) (Order of Dismissal, Dkt. No. 8).  The court ordered that a copy of its Order of Dismissal, along with attachments, be sent to every district court in the United States to notify us of Plaintiff's vexatiousness so that we may protect ourselves from a deluge of frivolous and abusive filings by Plaintiff.  *Id.*

Plaintiff seeks leave to proceed *in forma pauperis* in this action.  Because Plaintiff has filed at least three lawsuits which were dismissed as frivolous, he is barred from proceeding *in forma pauperis* under 28 U.S.C. § 1915(g).  The Court will order Plaintiff to pay the $250.00 civil action filing fee within 30 days of this Opinion and accompanying Order, and if Plaintiff fails to do so, the Court will order that his action be dismissed without prejudice.  Even if the case is dismissed, Plaintiff will be responsible for payment of the $250.00 filing fee in accordance with *In re Alea*, 286 F.3d 378, 380-81 (6th Cir. 2002).

**Discussion**

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), which was enacted on April 26, 1996, amended the procedural rules governing a prisoner's request for the privilege of proceeding *in forma pauperis*. As the Sixth Circuit has stated, the PLRA was "aimed at the skyrocketing numbers of claims filed by prisoners–many of which are meritless–and the corresponding burden those filings have placed on the federal courts." *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997). For that reason, Congress put into place economic incentives to prompt a prisoner to "stop and think" before filing a complaint. *Id.* For example, a prisoner is liable for the civil action filing fee, and if the prisoner qualifies to proceed *in forma pauperis*, the prisoner may pay the fee through partial payments as outlined in 28 U.S.C. § 1915(b). The constitutionality of the fee requirements of the PLRA has been upheld by the Sixth Circuit. *Id.* at 1288.

In addition, another provision reinforces the "stop and think" aspect of the PLRA by preventing a prisoner from proceeding *in forma pauperis* when the prisoner repeatedly files meritless lawsuits. Known as the "three-strikes" rule, the provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the section governing proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The statutory restriction "[i]n no event," found in § 1915(g), is express and unequivocal. The statute does allow an exception for a prisoner who is "under imminent danger of serious physical injury." The Sixth Circuit has upheld the constitutionality of the "three-strikes" rule against arguments that it violates equal protection, the right of access to the courts, and due process,

and that it constitutes a bill of attainder and is *ex post facto* legislation. *Wilson v. Yaklich*, 148 F.3d 596, 604-06 (6th Cir. 1998); *accord Rodriguez v. Cook*, 169 F.3d 1176, 1178-82 (9th Cir. 1999); *Rivera v. Allin*, 144 F.3d 719, 723-26 (11th Cir. 1998); *Carson v. Johnson*, 112 F.3d 818, 821-22 (5th Cir. 1997).

As discussed above, Plaintiff has been an abusive litigant in the federal courts. At least five of Plaintiff's lawsuits filed in the Eastern District of Washington have been dismissed as frivolous and malicious. *See* CV-04-371-AAM (E.D. Wash.); CV-04-372-AAM (E.D. Wash.); CV-04-379-AAM (E.D. Wash.); CV-04-380-AAM (E.D. Wash.); CV-05-211-AAM (E.D. Wash.). In his motion for leave to proceed *in forma pauperis*, Plaintiff seeks to invoke the exception to the three-strikes provision by alleging, "I am under imminent danger of serious physical injury due to the conditions of my incarceration and the denial of medical care." Plaintiff, however, fails to make any specific allegations in his motion or his complaint regarding the conditions of his confinement or the alleged denial of medical care. Plaintiff's vague allegation of imminent danger is an obvious attempt to circumvent the three-strikes provision. As noted by the Eastern District of Washington, Plaintiff "is under the faulty impression that all he needs to do is make a conclusory allegation that he is in 'imminent danger of serious physical injury' and that will be enough to allow filing of his complaint and consideration of all the grievances contained therein, including those which have nothing to do with any 'imminent danger of serious physical injury.'" *See McNeil*, CV-05-211-AAM (Order of Dismissal, Dkt. No. 8). A district court has the discretion to discredit factual claims of imminent danger that are clearly baseless. Accordingly, this Court rejects Plaintiff's unsupported claim of imminent danger.

In light of the foregoing, § 1915(g) prohibits Plaintiff from proceeding *in forma pauperis* in this action. Plaintiff has 30 days from the date of entry of this order to pay the entire

civil action filing fee, which is $250.00. When Plaintiff pays his filing fee, the Court will screen his complaint as required by 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c). If Plaintiff fails to pay the filing fee within the 30-day period, his case will be dismissed without prejudice, but he will continue to be responsible for payment of the $250.00 filing fee.

|  |  |
|---|---|
| DATED in Kalamazoo, MI:<br>October 5, 2005 | /s/ Richard Alan Enslen<br>RICHARD ALAN ENSLEN<br>SENIOR UNITED STATES DISTRICT JUDGE |

**SEND REMITTANCES TO THE FOLLOWING ADDRESS**:
Clerk, U.S. District Court
399 Federal Building
110 Michigan Street, NW
Grand Rapids, MI 49503

**All checks or other forms of payment shall be payable to "Clerk, U.S. District Court."**