UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| DUNCAN J. McNEIL, III, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:05-cv-458 |
| ) | |
| v. ) | Honorable Richard Alan Enslen |
| ) | |
| UNITED STATES OF AMERICA, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**ORDER OF DISMISSAL**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. On October 5, 2005, the Court issued an Opinion and Order denying Plaintiff leave to proceed *in forma pauperis* because he was barred by the "three-strikes" rule of 28 U.S.C. § 1915(g). The Court required Plaintiff to pay the $250.00 civil action filing fee within 30 days, and the Court warned that his case would be dismissed without prejudice should he fail to pay. The Court also warned that Plaintiff would be responsible for payment of the $250.00 filing fee in accordance with *In re Alea*, 286 F.3d 378, 380-81 (6th Cir. 2002).

More than 30 days have elapsed since the Court's Order requiring Plaintiff to pay the filing fee, and Plaintiff has not paid the fee. Plaintiff, however, filed a Motion for Reconsideration claiming that he should be permitted to proceed *in forma pauperis* because he is "under imminent danger of serious physical injury due to the conditions of my confinement (due to Eighth Amendment violations) and due to the intentional indifference to my health, safety and welfare by the withholding of required medical care and treatment by my captors." Plaintiff does not provide

any specific factual allegations in support of his claim of imminent danger. As set forth in the Court's Opinion denying Plaintiff leave to proceed *in forma pauperis*, Plaintiff has been deemed a "vexatious litigant" by the United States District Court for the Eastern District of Washington. That court imposed filing restrictions upon Plaintiff in an attempt to curb his abusive litigation practices. In an Order of Dismissal dated August 9, 2005, the Eastern District of Washington indicated that Plaintiff has now filed complaints in up to 70 different federal district courts throughout the nation. Plaintiff's vague, unsupported assertion of imminent danger is an obvious attempt to circumvent the three-strikes provision. Accordingly, Plaintiff's Motion for Reconsideration will be denied.

Because Plaintiff has failed to comply with the Court's Order, dismissal of this action without prejudice is appropriate. The obligation to pay the full filing fee arises at the time the civil complaint is filed in the Court; therefore, Plaintiff remains liable for payment of the civil action filing fee despite the dismissal of his action. *See In re Alea*, 286 F.3d at 381. Not to require payment of the full filing fee would permit a prisoner subject to the three-strikes rule to continue to file frivolous civil complaints without financial consequence. *Id.* Accordingly, the agency having custody of Plaintiff shall collect the $250.00 civil action filing fee and remit the funds to the Clerk of this Court. The check or money order shall be payable to "Clerk, U.S. District Court" and must indicate the case number in which the payment is made. Therefore:

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Reconsideration (Dkt. No. 9) is **DENIED**.

**IT IS FURTHER ORDERED** that the captioned case be is **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall collect the $250.00 civil action filing fee and remit the funds to the Clerk of this Court.

**IT IS FURTHER ORDERED** that for the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal.  *See* 28 U.S.C. § 1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).  Further, should Plaintiff appeal this decision, he must pay the $255.00 appellate filing fee in a lump sum, because he is prohibited from proceeding *in forma pauperis* on appeal by 28 U.S.C. § 1915(g).

|  |  |
|---|---|
| DATED in Kalamazoo, MI:<br>November 29, 2005 |  /s/ Richard Alan Enslen<br>RICHARD ALAN ENSLEN<br>SENIOR UNITED STATES DISTRICT JUDGE |